*114 MEMORANDUM *
Christopher Ceresko appeals the district court’s award of attorneys’ fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3) of the Fair Debt Collection Practices Act (FDCPA), to LVNV Funding, LLC; Gur-stel, Staloch & Chargo, P.A.; and Ruth A. Fischetti (Defendants). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
The FDCPA provides that, “[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney’s fees reasonable in relation to the work expended and costs.” 15 U.S.C. § 1692k(a)(3). We review the district court’s finding of bad faith and harassment for clear error and the court’s grant of attorneys’ fees for abuse of discretion. Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 933 (9th Cir.2007).
The district court found that Ceresko’s underlying FDCPA action was brought in bad faith and for the purpose of harassment, because (1) the district court had previously concluded that Ceresko’s allegations failed to establish a violation of the FDCPA in the underlying action; (2) Cer-esko’s counsel “suffered the same result in three previous lawsuits ... involving different plaintiffs making the same claim: that an allegation or prayer for relief for costs and fees in a state court collection action is a false statement in violation of the FDCPA”; and (3) Ceresko “failed to provide a single citation to a case anywhere in the country where this particular claim had been successful.”
1. The district court did not clearly err in finding that Ceresko’s underlying FDCPA action was brought in bad faith and for the purpose of harassment.
A. The district court had previously concluded that Ceresko had failed to establish a violation of the FDCPA in the underlying action. Ceresko did not appeal or otherwise dispute the district court’s conclusion that his underlying action was meritless.[1]
B. Ceresko’s counsel had unsuccessfully made similar arguments in two prior cases in the District of Arizona. In those cases, the court decided that an allegation or prayer for relief for costs and attorneys’ fees in a state court collection complaint did not violate the FDCPA.[2]
In this case, Paragraph 9 of Defendants’ state court collection complaint stated: “Pursuant to the terms and conditions and A.R.S. § 12-341 the prevailing party will be entitled to an award of all costs and, pursuant to A.R.S. § 12-341.01, reasonable attorneys’ fees incurred in pursuing this action.” Paragraph 10, the part of Defen *115 dants’ complaint challenged by Ceresko in the underlying action, stated: “Court costs as actually incurred are chargeable to [Ceresko].” Read with Paragraph 9, Paragraph 10 constituted an allegation for costs and attorneys’ fees in a state court collection complaint. Thus, the underlying action centered on essentially the same argument Ceresko’s counsel had unsuccessfully made in two prior cases.
C. Ceresko did not identify any favorable legal authorities applicable to his claim. Ceresko’s precedent instead involved cases where attorneys’ fees and costs demands were sent to the plaintiffs before the start of judicial proceedings.[3]
Even if we were to disagree with the district court, we cannot conclude that the district court’s findings were “illogical, implausible, or without support in the record.” See United States v. Spangle, 626 F.3d 488, 497 (9th Cir.2010); Guerrero, 499 F.3d at 933.
2. The district court did not abuse its discretion in awarding attorneys’ fees. The district court identified and applied the correct legal rule from § 1692k(a)(3). Furthermore, the district court’s decision did not result “from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record.” See United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir.2009) (en banc).
AFFIRMED.[4]

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Ceresko's handling of the underlying action also shows its lack of merit. After Defendants answered Ceresko's complaint, Ceresko did not serve discovery or otherwise pursue the case. Ceresko did not dispute Paragraph 9 of Defendants' state court collection complaint. Nor did Ceresko dispute the debt or the amount of the debt. When Defendants moved for summary judgment, Ceresko missed the deadline to file for summary judgment and was granted an extension.
Additionally, two earlier lawsuits filed by Ceresko’s counsel further illustrate Ceresko’s knowledge of these claims. Ceresko’s counsel filed an FDCPA action on behalf of Mrs. Cer-esko, but Mrs. Ceresko voluntarily dismissed her action a week later. Ceresko’s counsel also filed an FDCPA action on behalf of Cer-esko, but that action was dismissed pursuant to stipulation by the parties.

. See Cisneros v. Neuheisel Law Firm, P.C., No. CV06-1467-PHX-DGC, 2008 WL 65608 (D.Ariz. Jan. 3, 2008); Winn v. Unifund CCR Partners, No. CV 06-447-TUC-FRZ, 2007 WL 974099 (D.Ariz. Mar. 30, 2007).

. See Reichert v. Nat. Credit Sys., Inc., No. CV-03-1740, 2005 WL 5549677, at *3 (D.Ariz. Mar. 31, 2005); Gostony v. Diem Corp., 320 F.Supp.2d 932, 937 (D.Ariz.2003); Axtell v. Collections USA, Inc., No. CIV 02-0536-PHX-DKD, 2002 WL 32595276 (D.Ariz. Oct. 22, 2002).

. We grant the motion of the National Association of Retail Collection Attorneys for leave to file an amicus curiae brief in support of Defendants.